NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR J. ROSS, Sr., | : |
| Plaintiff, | : Civil Action No. 17-1921 (JMV) |
| v. | : **OPINION** |
| NEW JERSEY DEP'T of CORR., *et al.*, | : |
| Defendants. | : |

**VAZQUEZ,** District Judge

Plaintiff Omar J. Ross, Sr., an inmate presently confined in Northern State Prison in Newark, New Jersey, filed this civil rights action on March 22, 2017. (ECF No. 1.) The Court granted Plaintiff *in forma pauperis* status, pursuant to 28 U.S.C. § 1915. (ECF No. 4.) Plaintiff contends his constitutional rights were violated when he was denied the right to wear medically prescribed shoes for the treatment of heel spurs that he purchased outside the prison. (ECF No. 1, ¶4.)

28 U.S.C. § 1915A provides: "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, the Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that--the action or appeal--is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.") For the reasons set forth below, the Court will dismiss the Complaint without prejudice.

I. DISCUSSION

A. Sua Sponte Dismissal

Courts must "liberally construe" pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B.   The Complaint

Plaintiff named the following defendants in his Complaint: New Jersey Department of Corrections ("NJDOC") and its Commissioner, Gary Lanigan;[1] the following employees of Northern State Prison: George Robinson, Jr., Administrator; Sergeant McCarty; Officer McKoy; Officer E. Sambour; Mr. Davis, Assistant Administrator; and an unidentified doctor employed by NJDOC Rutgers Medical Services. (ECF No. 1, ¶¶4, 6.) The Court accepts the following allegations as true for the purpose of screening this Complaint. On May 24, 2016, Dr. Abu Ahsan at Trenton Central Reception and Assignment Facility ("CRAF"), employed by Rutgers University Medical Services, issued Plaintiff a medical pass to allow him to wear New Balance brand sneakers with insoles and arch support that he had purchased with the assistance of the parole program "Liberty House." (*Id.*, ¶6 at 8, 18.) Plaintiff had initially been allowed to wear these shoes at

---

[1] Northern State Prison is named in the caption as a defendant but there are no specific claims against the prison, as an entity, in the Complaint. In any event, a prison is not a "person" who can be sued under 42 U.S.C. § 1983. Lenhart v. Pensylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973)). The Court will construe the Complaint as attempting to raise a § 1983 claim against Northern State Prison, and dismiss the claim with prejudice.

3

Northern State Prison by showing correctional officers his medical pass from Dr. Ahsan. (*Id.* at 18, 20.) Plaintiff also alleges that on August 1, 2016, Dr. Kahn at Northern State Prison ordered new insoles for Plaintiff's shoes but Plaintiff never received them. (*Id.* at 22.)

On September 28, 2016, Sergeant McCarty confiscated Plaintiff's medically prescribed shoes. (*Id.* at 20.) Officer E. Sambour refused to verify to Sergeant McCarty that Plaintiff had showed him a medical pass that allowed him to have the shoes. (*Id.* at 19.) Without the shoes, Plaintiff suffered severe pain from his heel spurs. (*Id.* at 20.)

On September 29, 2016, Plaintiff completed a medical request slip regarding his shoes. (*Id.* at 21.) Medical staff from Correctional Medical Services, Rutgers University, called him two days later and refused his request to order insoles for his shoes, refused to contact Dr. Ahsan, and refused to schedule Plaintiff to see a podiatrist. (*Id.* at 22.) The reason given for refusing to call Dr. Ahsan was that NJDOC would not normally allow shoes that did not come from their providers. (*Id.*) Plaintiff notes, however, that Dr. Ahsan also worked for Correctional Medical Services, Rutgers University. (*Id.*) Plaintiff further alleges the NJDOC Commissioner refused to respond to the Ombudsmen's September 29, 2016 letter request on Plaintiff's behalf. (*Id.* at 22-23.)

On September 30, 2016, Mr. Davis investigated Plaintiff's complaint but refused to verify his May 24, 2016 medical pass. (*Id.* at 20.) On October 18, 2016, Administrator George Robinson refused to hear Plaintiff's request for return of the shoes, although the Ombudsmen had verified that Plaintiff had a medical pass from CRAF. (*Id.* at 21.) For relief, Plaintiff seeks return of his shoes, money damages from each defendant, and costs. (*Id.* at 23.)

C.  Section 1983 claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates be provided with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need, and (2) a prison official's deliberate indifference to that serious medical need. *Estelle*, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the *Estelle* test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference, in this context, can be shown by intentional denial or delay in access to medical care or intentional interference with treatment once prescribed. *Estelle*, 429 U.S. at 104-05.

5

1. Individual Capacity Claims

The Complaint does not state whether Plaintiff intended to sue Defendants McCarty, McKoy, Sambour, Davis, Robinson, the unidentified doctor, or Lanigan in their official or individual capacities, or both. Solely for purposes of this screening, the Court will assume Plaintiff intended to sue these defendants in their individual capacities because, as state employees, they are immune from suits for damages in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983). Plaintiff asserts Eighth Amendment claims of deliberate indifference to serious medical needs against non-medical prison employees Sergeant McCarty, Correctional Officer McKoy, and Correctional Officer E. Sambour, based on their roles in confiscating Plaintiff's shoes on September 28, 2016. According to the Complaint, Officer McKoy reported to her supervisor, Sergeant McCarty, that they should confiscate Plaintiff's shoes because they were not approved by the prison. Sergeant McCarty gave orders to confiscate the shoes, and Officer Sambour carried out the order. Officer Sambour also laughed because Plaintiff then had to wear flip-flops outside in the snow. Officer Sambour refused to verify to Sergeant McCarty that he had seen Plaintiff's medical equipment pass from Dr. Ahsan.

"Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). The plaintiff bears the burden of pleading facts supporting the defendants' mental states. (*Id.*)

Plaintiff does not meet the scienter requirement by alleging McCarty, McKoy, and Sambour knew that Dr. Ahsan approved him to wear the shoes for medical reasons. Dr. Ahsan

6

provided medical services for inmates at CRAF, not at Northern State Prison. Plaintiff must allege plausible facts that support a finding that McCarty, McKoy, and Sambour had either actual knowledge or reason to believe that the prison medical staff at Northern State Prison were not treating Plaintiff's heel spurs. He has not alleged any such facts. In fact, Plaintiff alleged Dr. Kahn ordered new insoles for his shoes on August 1, 2016, although he had not received them yet. Non-medical personnel are justified "in believing that the prisoner is in capable hands" in the care of the prisons' medical personnel. *Spruill*, 372 F.3d at 236. Thus, the Court will dismiss the § 1983 claims without prejudice against Sergeant McCarty, Officer McKoy, and Officer Sambour in their individual capacities.

2. <u>Claim Against Unidentified Prison Medical Staff</u>

It appears that Plaintiff is trying to sue an unidentified doctor who works for Rutgers Medical Services at Northern State Prison. Plaintiff named the defendant as "Rutgers Medical Services Provider at Northern State Prison et al." (ECF No. 1 at 9.) For the underlying factual allegations, Plaintiff alleged, verbatim:

> She, doctor providing the interview Correctional Medical Services via Refused to honor the pass Dr. Abu Ahsan gave me for the New Balance sneakers with Arch Supports/Insoles and refused to replace the New Balance sneakers with Arch Supports taken nor would she schedule me a Dr. visit with Podiatry and left my feet severely in pain. Dr. Kahn also.
>
> Cruel and unusual punishment this constituted. They work for CMS the same as Dr. Abu Ahsan who administered the medical equipment passes and refusing to verify with him or podiatry records from "Family Foot Care" of Broadway in Camden, NJ. They left me severely in pain walking and working with no Arch support or padded sneakers "Family Foot Care" prescribed and Dr. Abu Ahsan gave me passes from CRAF for to keep Footcare I need 9/29/2016 from stop pain and suffering I experience; Negligence

(*Id.*)

7

The Court notes Plaintiff did not name Dr. Kahn as a defendant in the caption of the Complaint, and he did not name her as one of the defendants in Paragraph 4, the section of the Complaint identifying the parties. The Court will construe the above claim as a claim against the unidentified doctor at Northern State Prison who interviewed Plaintiff after his New Balance shoes were confiscated.

Plaintiff has not alleged that the interviewing doctor refused to treat the pain in his heels, only that she would not defer to Dr. Ahsan's opinion. Disagreement with the decisions of a prison's medical personnel concerning the type of treatment provided is not an adequate basis, standing alone, for establishing an Eighth Amendment violation. *Johnson v. Watson*, 303 F. App'x 79, 81 (3d Cir. 2008); *see White*, 897 F.2d at 110 ("no claim is stated when a doctor disagrees with the professional judgment of another doctor.") In this case, Plaintiff falls short of alleging that this unidentified doctor refused to provide him any treatment or that she insisted on continuing a course of treatment that had proven ineffective. *See White*, 897 F.2d at 109 (Eighth Amendment claim may be stated when doctor intended to inflict pain on prisoner without medical justification or when doctor insisted on continuing course of treatment that he knew was painful, ineffective, or entailed substantial risk of serious harm.) Therefore, the Court will dismiss this claim without prejudice.

3.  <u>Claims Against Davis, Robinson and Lanigan</u>

A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment if she fails to respond to an inmate's medical complaint while the inmate is already receiving treatment from the prison doctor. *Durmer v. O'Caroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Once a prison grievance examiner becomes aware of possible mistreatment, the Eighth Amendment does not require him or her to do more than 'review[

] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment.'" *Glenn v. Barua*, 252 F. App'x 493, 498 (3d Cir. 2007) (quoting *Greeno v. Daley*, 414 F.3d 645, 655–56 (7th Cir. 2005)) (citation omitted).

Here, Plaintiff alleges Mr. Davis, the assistant administrator at Northern State Prison, investigated Plaintiff's complaint but refused to verify his medical pass. The medical pass was not issued at Northern State Prison. As a non-medical defendant, Davis was required only to verify that Plaintiff was receiving medical treatment at Northern State Prison. Plaintiff does not allege Davis failed to do so. The Court will dismiss this claim without prejudice.

As to Robinson, the Administrator at Northern State Prison, Plaintiff alleged he refused to hear Plaintiff's complaint, despite the Ombudsmen's verification of Plaintiff's medical pass from CRAF. Plaintiff did not allege Robinson refused to verify that Plaintiff was receiving medical treatment from the medical staff at Northern State Prison. This is the requirement the Eighth Amendment imposes on non-medical prison officials in response to a prisoner's medical grievance. Therefore, the Court will dismiss this claim without prejudice.

Finally, Plaintiff alleged Commissioner Lanigan failed to respond to the Ombudsmen's letter request on Plaintiff's behalf. He also appears to state, although the Complaint is confusing in this regard, that someone from Lanigan's Office wrote back to Plaintiff and said Mr. Robinson would handle this concern. Therefore, Lanigan did not fail to respond. Furthermore, as with the other non-medical prison officials, Plaintiff did not allege that Lanigan knew Plaintiff was not receiving any treatment from the medical staff at Northern State Prison for his heel spurs. It is insufficient to allege Lanigan knew that Dr. Ahsan at CRAF provided Plaintiff with a medical pass for the shoes with arch support and insoles. This claim too is dismissed without prejudice.

### 4. New Jersey Department of Corrections

Plaintiff named the NJDOC as a defendant in this action. The NJDOC is a state agency immune from § 1983 claims for money damages under the Eleventh Amendment. *See Ellington v. Cortes*, 532 F. App'x. 53, 56 (3d Cir. 2013) (citing *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998)) "(a suit in federal court against a state or one of its agencies is barred by the Eleventh Amendment unless the state waives its immunity.") "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." *Mierzwa v. U.S.*, 282 F. App'x 973, 976 (3d Cir. 2008). Therefore, the Court will dismiss Plaintiff's § 1983 claims for money damages against NJDOC with prejudice.

### D. New Jersey Tort Claims Act

Although Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, he seeks damages from each "negligent" defendant. Plaintiff may be trying to assert a state tort law claim. If Plaintiff seeks to bring a medical malpractice claim (or any other tort claim) under New Jersey law, he should be aware that state law requires that he file a notice of claim with the public entity "not later than the 90th day after accrual of the cause of action," and if that claim is denied, "the claimant may file suit in an appropriate court of law[,]" after the expiration of six months from the date notice of claim is received. N.J.S.A. 59:8-8. Failure to timely file a notice of claim "shall forever bar[]" a claimant from recovering against a public entity or public employee. If Plaintiff wishes to bring a state law claim under the NJTCA, he should amend his complaint and allege that he has properly met the notice requirement. Of course, he should only make the allegation of proper notice if such allegation is accurate.

III.    CONCLUSION

For the reasons discussed above, the Court dismisses the Complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).


An appropriate Order follows.

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge

Date: May 30, 2017  
At Newark, New Jersey